# **EXHIBIT E-7**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT for the District of Delaware | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** Energy Future Intermediate Holding Company LLC

**Case Number:** 14-11008

FILED / RECEIVED
OCT 15 2014
EPIQ BANKRUPTCY SOLUTIONS, LLC

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):**
Delaware Trust Company, as Trustee

**COURT USE ONLY**

**Name and address where notices should be sent:**
Sandra E. Horwitz
Delaware Trust Company
2711 Centerville Road
Wilmington, DE 19808
shorwitz@delawaretrust.com
800-927-9801 ext 62412

With copies of Notices sent to:
Ropes & Gray LLP
Attn: Mark R. Somerstein
1211 Avenue of the Americas, New York, NY
Tel. (212) 596-9000
Fax. (646) 728-1663
mark.somerstein@ropesgray.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

**Filed on:** _____

**Name and address where payment should be sent (if different from above):**
Alan R. Halpern
Delaware Trust Company
2711 Centerville Road
Wilmington, DE 19808
ahalpern@delawaretrust.com
Tel. (302) 636-8628

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Filed: USBC - District of Delaware
Energy Future Holdings Corp., et al., Et Al.
14-10979 (CSS)    0000005299

**1. Amount of Claim as of Date Case Filed:** $ Please see attachment.

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** 6.875% Senior Secured Indenture - Please see attachment.
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____ (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
**Describe:** Please see attachment.

**Value of Property:** $ _____

**Annual Interest Rate** _____ %   ☐ Fixed   or   ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ Please see attachment.

**Amount Unsecured:** $ Please see attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**
$ _____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)  2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Alan R. Halpern
Title:  Vice President
Company:  Delaware Trust Company
Address and telephone number (if different from notice address above):
2711 Centerville Road
Wilmington, DE 19808

(Signature)  *[signed]*   (Date) 10/14/14

Telephone number: (302) 636-8628   email: ahalpern@delawaretrust.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)    3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO PROOF OF CLAIM OF
## DELAWARE TRUST COMPANY, AS TRUSTEE

**1.     Basis for Claim**

    **a.**     Delaware Trust Company, f/k/a CSC Trust Company of Delaware, is the trustee (in such capacity, "Delaware Trust" or the "Trustee"), as successor to the Bank of New York Mellon Trust Company, N.A., the former trustee (the "Former Trustee") under that certain Indenture, dated as of August 14, 2012 (as amended and supplemented from time to time, the "Indenture") by and between Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., as issuers (together, the "Company"), and the Former Trustee, as trustee. Pursuant to the Indenture, the Company has issued $502,714,000.00 in aggregate principal amount of the Company's 6.875% Senior Secured Notes due 2017 (the "Notes").

    **b.**     Delaware Trust accepted appointment as Trustee under the Indenture pursuant to that certain Agreement of Resignation, Appointment and Acceptance, dated as of October 28, 2013, by and among the Company, the Former Trustee, and Delaware Trust. The Trustee (i) is authorized to file this proof of claim pursuant to Section 6.12 of the Indenture and Rule 3003 of the Federal Rules of Bankruptcy Procedure and (ii) holds all rights and powers as are provided and set forth in the Indenture and all related and ancillary documents executed and delivered in connection therewith (the "Indenture Documents").

    **c.**     Because of the voluminous nature of the Indenture Documents that support this proof of claim, all of which are publicly available or are or should be in the Company's possession, custody, or control, none of the Indenture Documents are annexed hereto, but all of the Indenture Documents are expressly incorporated herein by reference. The Indenture

Documents will be made available upon reasonable written request to counsel to Delaware Trust:

> Ropes & Gray LLP
> Attention: Meredith S. Tinkham
> 1211 Avenue of the Americas
> New York, NY 10036
> Telephone: (212) 596-9000
> Facsimile: (646) 728-2912

**2.** **Accrued Interest and other Charges, Expenses and Fees**

    **a.** On April 29, 2014 (the "Petition Date"), the Company and certain of its affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

    **b.** In June, 2014, pursuant to that certain *Order Approving First Lien Settlement* [DI 858] (the "Settlement Order"), holders of $489,279,000.00 in principal amount of the Notes (the "Settling Holders" and all other holders of the Notes, the "Non-Settling Holders") accepted the terms of an exchange offer by the Debtors by tender or by deposit and withdrawal at custodian, and such holders received, in exchange for their Notes, their *pro rata* share of debtor in possession financing loans in accordance with the terms of the Exchange Offer.

    **c.** On June 19, 2014, pursuant to that certain *Final Order (A) Approving Postpetition Financing for Energy Future Intermediate Holding Company LLC and EFIH Finance Inc., (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Approving the Use of Cash Collateral by Energy Future Intermediate Holding Company LLC And EFIH Finance Inc., (D) Authorizing the EFIH First Lien Repayment, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Orders, and (F) Modifying the Automatic Stay* [DI 859] (the "Notes Payment Order"), the Debtors provided

2

$13,753,148.26 to Delaware Trust in cash as payment for principal plus accrued and unpaid interest on those Notes not exchanged pursuant to the Settlement Order as of June 18, 2014.

**d.**  Pursuant to the Notes Payment Order, the Notes were deemed cancelled and are no longer outstanding. However, Non-Settling Holders now hold corresponding Escrow CUSIPs (the "Escrow CUSIPs") for the Notes, and such Escrow CUSIPs represent the Non-Settling Holders' remaining interests in the Notes and entitle such holders to future distributions on account of interest, premium, and other amounts as set forth below.

**e.**  The Trustee has a claim against the Company for amounts due to the Non-Settling Holders in the following amounts (excluding costs, expenses, charges, penalties, indemnities and other claims):

> **i.** Additional Interest:  $2,313.81 in Additional Interest (as defined in the Registration Rights Agreement of the Company dated as of October 23, 2012) payable pursuant to the Indenture Documents.
>
> **ii.** The Make Whole Premium:  $1,053,618.38, which represents the Applicable Premium payable pursuant to Section 3.07 of the Indenture.
>
> **iii.** Interest on the Make Whole Premium:  Presently contingent and unliquidated amount representing interest borne at the rate provided for in the Notes on account of the Applicable Premium.
>
> **iv.** Other Amounts: Any and all other amounts due or to become due with respect to the Indenture, the Notes and/or pursuant to all related and ancillary documents and/or agreements, under applicable law and/or principles of equity, whether now due or hereafter arising, which amounts may, presently, be unliquidated or contingent, but may become fixed and liquidated in the future, including, without limitation: (A) amounts owed as or for interest, including, without limitation, post-petition interest, deferred interest, interest on overdue premiums, if any, and interest on overdue installments of interest, including, without limitation, pursuant to Sections 2.12 and 4.01 of the Indenture and to the extent lawful, at the rate of interest borne by the Notes; (B) premiums (including, without limitation, any fundamental change purchase price due under the Indenture Documents), penalties, expenses, indemnities, taxes, compensatory, secondary and/or punitive damages, all compensation, reimbursement and

indemnification obligations due, if any; (C) the Company's obligation to pay taxes, assessments, or other governmental charges, if any; (D) amounts relating to the Company's right to redeem the Notes, in whole or in part, at the redemption prices set forth in the Indenture plus accrued and unpaid interest to the applicable redemption date; (E) any and all benefits accruing to the Noteholders resulting from the Company's covenants set forth in Article 4 of the Indenture; (F) damages for breach or violation of any covenant, representation, warranty or other provision of the Indenture, all as defined and described in the Indenture and the Notes, including without limitation Sections 3.07(a) and 6.02(a) of the Indenture, and damages for breach or violation of any rule of law, including without limitation the rule of perfect tender in time; (G) any claims arising under securities laws, state laws or federal laws, including, without limitation, claims arising under applicable fraudulent conveyance laws; and (H) damages, payments, or other amounts resulting from or relating to any right of conversion under the Notes or the Indenture Documents.

  **v.** The amounts set forth in Section 2(e)(i)-(v) are asserted only in respect of the Non-Settling Holders. To the extent the Settlement Order is reversed, vacated, or modified on appeal, the Trustee also asserts a claim for principal, interest, and all other amounts owing under the Indenture Documents with respect to the Notes held by the Settling Holders.

 **f.** The Company is also indebted to Delaware Trust in an unliquidated amount for all amounts due and to become due to the Trustee, whether arising prior to or after the Petition Date, for its compensation for all services rendered by the Trustee under the Indenture, for all reasonable compensation, expenses, disbursements and advances incurred or made by the Trustee in accordance with any provisions of the Indenture (including, without limitation, the reasonable compensation and the expenses and disbursements of the Trustee's agents and counsel), and for all other amounts, including, without limitation, all indemnification rights, due or to become due to the Trustee under Section 7.07 of the Indenture (all amounts of compensation, disbursements, advances, expenses, and other amounts, including, without limitation, indemnification obligations, due or to become due to the Trustee, hereinafter, collectively, "Trustee Expenses"). Delaware Trust is submitting a

separate proof of claim for such Trustee Expenses. The Trustee has incurred Trustee Expenses prior to the Petition Date and will continue to incur Trustee Expenses from and after the Petition Date, which amounts are not fixed at this time but will constitute a part of Delaware Trust's claim.

3.  **Secured Status.** All claims asserted against the Company are asserted as secured claims. However, to the extent such claims are disallowed as secured claims, the Trustee alternatively asserts all claims as unsecured claims.

4.  **Inquiry Notice.** This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due under the Indenture and the Notes, including, without limitation, the Indenture Documents, the provisions of which are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim, and all interested parties are on notice of, and advised to examine the provisions of the Indenture and the Notes.

5.  **Reservation of Rights.**

    a.  Delaware Trust does not waive, and expressly reserves, all rights and remedies at law or in equity that Delaware Trust, individually or as Trustee, has or may have against the Company or any other person or entity. Without limiting the generality of the foregoing, this proof of claim is not, nor shall it be deemed or construed to be: (i) a waiver or release of the terms and provisions of the Indenture or the Indenture Documents; (ii) an election of a remedy; or (iii) a waiver of any past, present or future defaults or events of default under the Indenture Documents.

    b.  The Trustee reserves the right to amend or supplement this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend,

5

quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any contingent or unliquidated claim.

 **c.** To the best of Delaware Trust's knowledge, the claim set forth in this proof of claim is not subject to any set-off or counterclaim by the Company; <u>provided, however,</u> that Delaware Trust expressly reserves and does not waive any right of set-off or recoupment rights it may possess.

 **d.** In accordance with Section 7.07 of the Indenture and/or applicable law, the Trustee hereby expressly reserves the right to claim that the portion of its fees and expenses relating to services rendered on and after the Petition Date constitute expenses of administration to the extent such expenses are not otherwise paid in full, and the Trustee reserves the right to file a claim or application for payment of administrative expenses.

**6.** **Jurisdiction**.  In filing this Proof of Claim, the Trustee does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Indenture and as otherwise specified herein, and the Trustee does not consent to the jurisdiction of this Court to adjudicate any other matter relating to the Indenture or the rights and remedies of the Trustee.

[Attachments Available Upon Request]