# **<u>EXHIBIT F-1</u>**

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | **PROOF OF CLAIM** |
|---|---|---|
| Energy Future Holdings Corp. Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>Grand Central Station, P.O. Box 4613<br>New York, NY 10163-4613 | | COURT USE ONLY |
| Name of Debtor: In re Energy Future Intermediate Holding Company LLC | Case Number: 14-11008 | |
| In re EFIH Finance Inc. | 14-11001 | Filed: USBC - District of Delaware<br>Energy Future Holdings Corp., et al., Et Al.<br>14-10979 (CSS)     0000007486 |

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Computershare Trust Company, N.A. and
Computershare Trust Company of Canada, as Indenture Trustee**

| Name and address where notices should be sent: | | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|---|
| Bryan Cave LLP<br>Stephanie Wickouski, Esq.<br>Jeremy F. Finkelstein, Esq.<br>1290 Avenue of the Americas,<br>New York, NY 10104<br>Phone: (212) 541-2000; Fax: (212) 541-4630<br>stephanie.wickouski@bryancave.com<br>jeremy.finkelstein@bryancave.com | Kramer Levin Naftalis & Frankel LLP<br>Thomas Moers Mayer, Esq.<br>Joshua K. Brody, Esq.<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 715-9100; Fax:(212) 715-8000<br>tmayer@kramerlevin.com<br>jbrody@kramerlevin.com | Court Claim Number:<br>(*If known*_____)<br>Filed on:_____<br><br>FILED / RECEIVED<br>OCT 2 4 2014<br>EPIQ BANKRUPTCY SOLUTIONS, LLC<br><br>☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

| Name and address where payment should be sent (if different from above): | **COURT USE ONLY** | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
|---|---|---|
| Telephone number:      Email: | | |

**1. Amount of Claim as of Date Case Filed:**   $ 2,211,294,949.11, plus amounts described on attached Statement of Claim.
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete item 6.
☒ Check this box if the claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest charges. **See attached Statement of Claim**

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

**2. Basis for Claim:** See attached Statement of Claim
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a )

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**
☐ Real Estate    ☐ Motor Vehicle    ☒ Other
**Describe:** See attached Statement of Claim

Value of Property: $ **Undetermined**        Annual
Interest Rate **See attached**  ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ **Undetermined**

**Amount Unsecured:** $ _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

## STATEMENT OF CLAIM

1. COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA serve, collectively, as successor trustee to The Bank of New York Mellon Trust Company, N.A., as Trustee (the "Trustee") under that certain Indenture dated as of April 25, 2011 (as amended, restated, supplemented or otherwise modified, the "Indenture") among Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, the "Issuer") and the Trustee.

2. Pursuant to the terms of the Indenture, the Issuer incurred indebtedness for certain (i) 11% Senior Secured Second Lien Notes due 2021 and (ii) 11.75% Senior Secured Second Lien Notes due 2022 (collectively, the "Notes").

3. On April 29, 2014 (the "Petition Date"), the Issuer and certain affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. As required by the Order (A) Setting Bar Dates for filing Non-Customer Proofs of Claim and Requests for Payment under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form of and Manner for Filing the Non-Customer Proofs of Claim and Requests for payment under Section 503(b)(9) of the Bankruptcy Code, and (C) Approving Notice Thereof, entered August 18, 2014 (the "Bar Date Order"), and pursuant to the Indenture, the Trustee submits this proof of claim. This proof of claim is being asserted for purposes of preserving and presenting all claims for allowance in the Issuer's bankruptcy cases, and is not to be deemed an admission or waiver of any kind or on any issue, including without limitation, any claims, defenses or other issues that have been, may be or could have been raised in (a) the adversary proceeding captioned *Computershare Trust Company, N.A., and Computershare Trust*

1823524.6

and in the possession of the Issuer, and, therefore, not attached hereto, but are available upon written request to the Trustee.

11. This proof of claim does not accelerate or seek to accelerate the maturity or payment day of, or seek any prepayment of, any amounts now or hereafter owing under the Notes, the Indenture, or other Documents.

12. This Claim is not subject to any setoff or counterclaim.

13. The Trustee reserves all rights accruing to it, and the filing of this proof of claim is not intended to be and shall not be construed as: (a) an election of a remedy; (b) a waiver of any past, present or future defaults or events of default; (c) a waiver or limitation of any rights or defenses; (d) a waiver of any of the Trustee's claims against the Issuer or any of their subsidiaries or affiliates; or (e) a waiver of any of the Trustee's claims against any other parties liable to the Trustee or Holders. The Trustee expressly reserves the right (i) to amend or supplement this proof of claim for any reason, including to update the statement of the amounts due, or for any other purpose for which a proof of claim filed in this proceeding could be amended; or (ii) to file additional proofs of claim for additional claims, including, without limitation, administrative expense claims, unsecured claims, claims against other debtors whose cases are being jointly administered with that of the Issuer, and all other claims, at law or in equity, arising prior to, on or after the Petition Date. The Trustee expressly reserves the right to seek post-petition interest, fees, costs and charges pursuant to section 506(b) of the Bankruptcy Code.

14. This proof of claim shall not be deemed a waiver of (a) the Trustee's right (i) to have final orders in non-core matters entered only after *de novo* review by the District Court, (ii) to trial by jury in any proceeding so triable in these cases, or any other case or controversy or

proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (b) any other rights, claims, actions, set-offs or recoupments to which Trustee is or may be entitled by law, or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the Trustee expressly reserves.

1823524.6

[Attachments Available on Claims Register, Claim No. 7486]